IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH W. HUNTER (TDCJ No. 1981619), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-2315-P-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Joseph W. Hunter, a Texas inmate, proceeding *pro se*, has filed a 28 U.S.C. § 2254 application for writ of habeas corpus. *See* Dkt. No. 3. For the reasons explained below, the application should be dismissed without prejudice to Petitioner's right to pursue his state court remedies, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Background**

The Section 2254 petition now before the Court challenges Petitioner's August 28, 2014 conviction for aggravated assault with deadly weapon/bodily injury/family violence, pursuant to Texas Penal Code Section 22.02, for which he was sentenced to 25 years' imprisonment. *See State v. Hunter*, F13-56295-R (265th Judicial Dist. Ct. Dallas County, Tex.). In his federal habeas application, Petitioner admits that his direct appeal of this conviction and sentence is pending in the Dallas Court of Appeals.

*See* Dkt. No. 3 at 3; *see also Hunter v. State*, 05-14-01146-CR (Tex. App. – Dallas). In fact, records of the Dallas Court of Appeals available online show that the appellant's brief was just filed May 27, 2015. Furthermore, while Petitioner has filed a state habeas application, his application was rejected by the Texas Court of Criminal Appeals on July 8, 2015 – because Petitioner's direct appeal is pending. *See Ex parte Hunter*, WR-83,490-01 (Tex. Crim. App.).

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *cf. Williams v. Thaler,* 602 F.3d 291, 309 (5th Cir. 2010) ("When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay. Because a stay and abeyance has the potential to 'frustrate[ ] [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s] objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas

proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in *limited* circumstances.'" (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005)) (emphasis added)).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("Failure to exhaust is not a jurisdictional defect. Failure to exhaust is an affirmative defense that may be waived by the state's failure to rely upon the doctrine. And yet there is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *Rohda v. Gordy*, No. CA 14-0169-WS-C, 2014 WL 2616627, at *1 (S.D. Ala. June 12,

2014) (applying Rule 4 and citing *Kiser* before further noting that, "[a]lthough exhaustion of available state remedies is a non-jurisdictional defense in the sense that it may be forfeited or waived by the State, federal courts are authorized to raise the exhaustion issue *sua sponte* unless the State has expressly and knowingly waived it" (collecting cases)).

Because the habeas petition and the available state court records plainly reveal that Petitioner has not presented any claim related to this conviction and sentence to the highest available state court for review in a procedurally correct manner, he has failed to exhaust his state remedies. Accordingly, his Section 2254 petition should be dismissed without prejudice, pursuant to Rule 4. *See, e.g., Johnson v. Stephens*, No. H-13-2128, 2013 WL 3937073, at *2 (S.D. Tex. July 30, 2013) ("This court should not adjudicate a federal writ application while there are any habeas claims under review by the state courts.... Johnson has rightfully sought review in the state courts and must wait until the state courts issue a decision. He cannot be allowed to circumvent the state system and seek relief in federal court without allowing the state courts an opportunity to rule on his claims. If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss it." (citations omitted)).

**Recommendation**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner's 28 U.S.C. § 2254 habeas application without prejudice to Petitioner's right to pursue – and fully and properly exhaust – his state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE